UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FEI QUANG QIN,

    Defendant.
_____/

No. CR 11-0083 PJH

**ORDER RE MOTION TO SUPPRESS; SCHEDULING ORDER**

**A.  Motion to Suppress**

    Defendant's motion to suppress came on for hearing before the court on October 12, 2011. The court denied defendant's motion, ruling on a number of issues raised by the parties for the reasons set forth on the record ans summarized as follows:

    (1)    To the extent that defendant's motion seeks to suppress evidence of child pornography and other evidence based upon allegations of the likely presence of child pornography in the affidavits for search warrants, the court declined to reach the issue because it is not relevant to the criminal charges currently pending against the defendant and such a ruling would constitute an advisory opinion.

    (2)    The ICE agents' search and seizure of the packages five days after they crossed the border constituted a permissible extended border search. *See United States v. Sahanaja*, 430 F.3d 1049, 1054 (9th Cir. 2005). Defendant did not dispute the

1  initial search by Customs and Border Patrol as a proper border search.

2      (3)    There was sufficient probable cause that the intercepted packages
3  contained counterfeit dvds and that similar contraband would be found at FQQ to support
4  issuance of the first August 12, 2010 search warrant.  *See Illinois v. Gates*, 462 U.S. 213,
5  238 (1983).  The agents observed the counterfeit logos, a Dolby representative confirmed
6  that the logos were counterfeit, and then an ICE agent subsequently observed Qin offering
7  for sale or rental dvds with such logos.  *See* Affidavit, Lamberti Decl., Exh. 1 at par. 19.
8  The Dolby expert's assessment that the logos were fraudulent was sufficient, and was
9  reasonably relied on.  The government was not required to provide the magistrate judge
10 with an actual picture of the logos to conduct her own comparison because the magistrate
11 judge, and likely the agents as well, would not have been able to ascertain the counterfeit
12 nature of the logos based simply on a photograph.  The counterfeit nature of trademarks is
13 particularly difficult to detect and an expert opinion, such as that provided by the Dolby
14 representative, is inherently superior to a simple comparison by an untrained eye.

15     Although the court declined to rule on the issue, the court indicated that if the
16 government charges defendant with child pornography-related charges or attempts to
17 introduce such evidence under Federal Rule of Evidence 404(b), it would be inclined to
18 conclude that the affidavit was insufficient to establish probable cause for a search and
19 seizure of the child pornography evidence because it contained no description of the
20 alleged child pornography and because the agent's conclusory statements alone were
21 insufficient to establish probable cause.

22     (4)    The court's ruling regarding the defendant's August 13, 2010 statements was
23 the same as that above.  The court declined to reach the issue regarding defendant's
24 statements as they pertain to child pornography, but indicated that it would be inclined to
25 suppress such statements if and when the issue were properly before it.  Regarding
26 defendant's statements as to the counterfeit discs, the court found that they were voluntary,
27 uncoerced, and that defendant was properly advised of his *Miranda* rights.  *See*
28 *Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27 (1973)*; United States v. Gorier*, 847

F.2d 1363, 1366 (9th Cir. 1988).

(5) Regarding the second August 21, 2010 search warrant, the court concluded that there was sufficient probable cause that counterfeit discs would be found at FQQ to support issuance of that warrant for the same reasons as those set forth above regarding the first search warrant.

(6) Regarding the third August 25, 2010 search warrant, the court declined to reach the issue for the reasons stated above since that warrant pertained only to a search for child pornography.

For these reasons and those set forth on the record, the court DENIED defendant's motion to suppress insofar as the counterfeit dvds are concerned. However, with respect to the child pornography, the court did not specifically rule on the issue and advised that defendant would be permitted to renew the motion should new charges be filed or should the government seek to admit such evidence for any purpose.

**B.   Pretrial Deadlines**

In addition, the court advanced certain deadlines contained in its July 15, 2011 pretrial order regarding the **November 30, 2011** pretrial conference. The pretrial conference is now scheduled for **3:00 p.m.** on **November 30, 2011.**

Additionally, counsel shall comply with Crim. L. R. 17.1-1(b) including filing pretrial statements **no later than Wednesday, November 9, 2011.** Pretrial conference motions *in limine* shall be filed and noticed for hearing at the conference **no later than Wednesday, November 9, 2011.** Usually five or fewer motions per side is sufficient. Each motion should address a single topic and all five motions shall be contained in a single brief not exceeding twenty-five pages. Leave of court is required to file more than five motions or to exceed the page limitations. Proposed voir dire questions, proposed jury instructions, and verdict forms must also be filed per the instructions in the court's July 25, 2011 pretrial order **no later than Wednesday, November 9, 2011.**

Responses to motions *in limine*, also not to exceed twenty-five pages, shall be filed **no later than Wednesday, November 16, 2011.**

3

The parties should refer to the court's July 25, 2011 pretrial order for additional information.  **Courtesy copies of all documents shall be provided for chambers at the time of filing.**

**IT IS SO ORDERED.**

Dated: October 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California